# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GAP 41 VENTURES, L.L.C., a )
Delaware Limited Liability )
Company, )
           )
      Plaintiff, )
           )
      v. )       C.A. No. N17C-12-275 ALR
           )
SNEHYASMEENA )
CORPORATION, a Delaware )
Corporation, and SUKHDEV S. )
KABOV, SNEHAL A. PATEL, and )
NAINSHAD B. MANECKSHAW, )
jointly and severally, )
           )
      Defendants. )

Submitted: January 7, 2020
Decided: January 8, 2020

***Upon Plaintiff's Motion for Partial Summary Judgment as to Liability***
**DENIED**

## ORDER

This action arises out of a commercial lease for a restaurant. Plaintiff, Gap 41 Ventures, LLC, leased certain premises to a corporation who is a party to this action, Snehyasmeena Corporation. The other defendants are individuals whom Plaintiff claims personally guaranteed the liability of the corporate entity, Sukhdev S. Kabov, Snehal A. Patel, and Nainshad B. Maneckshaw. In a Motion for Partial Summary Judgment as to Liability, Plaintiff seeks judgment as a matter of law against Mr.

Kabov, one of the individual defendants. Defendant Kabov opposes the entry of summary judgment on the grounds that there are genuine issues of material fact in dispute. This is the Court's decision on the motion for partial summary judgment as to liability of Mr. Kabov.

The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[2] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[3] Summary judgment is only appropriate if Plaintiff's claims lack evidentiary support such that no reasonable jury could find in its favor.[4]

The Court has considered Rule 56 of the Superior Court Rules of Civil Procedure; applicable decisional law; the parties' various submissions; the argument of counsel at yesterday's hearing; and the entire record. The Court finds there is a

---

[1] Super. Ct. Civ. R. 56.
[2] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).
[3] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[4] *See Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187, 1200–05 (Del. 2015); *Edmisten v. Greyhound Lines, Inc.*, 2012 WL 3264925, at *2 (Del. Aug. 13, 2012).

genuine issue of material fact in dispute regarding whether Mr. Kabov guaranteed the lease personally or whether he signed the guaranty on behalf of Yasmeena, Inc., who is not a party to this action.

Under the circumstances presented here, the Court declines to award judgment as a matter of law regarding the personal liability of Mr. Kabov at this stage of the proceedings. The Court notes this matter will proceed to a bench trial in March 2020.

**NOW, THEREFORE, this 8th day of January 2020, Plaintiff's motion for partial summary judgment as to liability of Sukhdev S. Kabov is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**